IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| BRUCE FLEMING, | * |
| Plaintiff, | * |
| v. | * Civil Action No. RDB-15-3358 |
| RAY MABUS, Secretary, U.S. Department of the Navy, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

On September 30, 2016, this Court granted defendant Ray Mabus' Motion to Dismiss. (ECF Nos. 25, 26.) Now pending before the Court is Plaintiff Bruce Fleming's Motion to Alter or Amend Judgment ("Plaintiff's Motion"). (ECF No. 27.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's Plaintiff's Motion (ECF No. 27) is DENIED.

## BACKGROUND

The facts of this case were set forth fully in this Court's Memorandum Opinion of September 30, 2016. (ECF No. 25.)

## STANDARD OF REVIEW

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) of the Federal Rules of Civil Procedure in only

three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008).  Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey."  *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).  In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed.1995)).  Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding."  *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.*  (internal citations and quotation marks omitted).

ANALYSIS

Plaintiff argues that modification of the Court's judgment is appropriate based on two clear errors of law in the Memorandum Opinion.  First, plaintiff asserts that the Court's reliance on *Graham v. Ashcroft*, 358 F.3d 931 (D.C. Cir. 2004), was misplaced.  (ECF No. 27-1 at 1-9.) Second, plaintiff asserts that the Court erred by failing to address the Supreme Court's holding in *Webster v. Doe*, 486 U.S. 592, 108 S. Ct. 2047, 100 L. Ed. 2d 632 (1988).  (*Id.* at 9.)

The Court's Memorandum Opinion rests on two related propositions.  First, even where an employee alleges constitutional violations, he must follow the procedural mechanisms set

forth by the Civil Service Reform Act ("CSRA"). *See Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2134, 183 L. Ed. 2d 1 (2012) ("Nothing in the CSRA's text suggests that its exclusive review scheme is inapplicable simply because a covered employee challenges a covered action on the ground that the statute authorizing that action is unconstitutional.") Second, where an adverse employment action falls below the CSRA threshold criteria, no relief is available. *See Graham v. Ashcroft*, 358 F.3d 931, 934 (D.C. Cir. 2004) ("The Court's explicit assumption in *Fausto* that employees with judicial review rights under the CSRA may not obtain judicial review of personnel actions outside the bounds of the CSRA covered precisely the situation at issue here — a personnel action as to which the CSRA grants no right of review, even for employees who are otherwise granted such rights under the CSRA in other circumstances.") (citing *United States v. Fausto*, 484 U.S. 439, 449–50, 108 S. Ct. 668, 674–75, 98 L. Ed. 2d 830 (1988)).

While Plaintiff's Motion correctly notes that *Graham* did not deal with an employee's constitutional claims, this Court relied on that decision not for its holding, but rather for its reasoning that, "[g]ranting [plaintiff] a right of direct judicial review for a letter of censure would give him greater rights than the CSRA affords for major adverse actions, for what does not even rise to the level of a minor adverse action under the CSRA." *Graham*, 358 F.3d at 935. Indeed, it would be inconsistent with *Fausto* (and the CSRA as a whole) to find that an employee who suffered lesser harms—i.e., those not falling within the CSRA—is entitled to greater recourse—i.e., bypassing the CSRA scheme and filing suit directly in district court—than an employee who sustained greater injury. Coupled with *Elgin*'s lesson—that the constitutional nature of plaintiff's claims does not place them outside the CSRA—plaintiff may only pursue his claims within the channels provided by the CSRA. Plaintiff's first argument is, thus, unavailing.

Nor does plaintiff's second argument provide any basis for modifying or amending this Court's September 30 Memorandum Opinion. While plaintiff expresses justifiable concern that depriving plaintiff of *any* forum in which to bring a constitutional claim may run afoul of *Webster*, such fears are inapposite here. (ECF No. 27-1 at 9, n. 2.) As the *Elgin* court explained, "*Webster*'s standard does not apply where Congress simply channels judicial review of a constitutional claim to a particular court." *Elgin*, 132 S. Ct. 2126, 2132, 183 L. Ed. 2d 1 (2012). The Court in *Elgin* went on to explain that, "the CSRA does not foreclose all judicial review of petitioners' constitutional claims, but merely directs that judicial review shall occur in the Federal Circuit," a forum which "is fully capable of providing meaningful review of petitioners claims." *Id.*

Here, the fact that plaintiff *declined* to bring his constitutional claims—which he initially pursued before the Office of Special Counsel and the Merit Systems Protection Board—to the United States Court of Appeals for the Federal Circuit does not grant plaintiff the right to pursue his claims in this Court. *See* ECF No. 18 at 11.

Accordingly, Plaintiff's Motion fails to warrant amendment or modification under Rule 59(e) and must be DENIED.

## CONCLUSION

For the foregoing reasons, this 27th day of October, 2016, it is hereby ORDERED that Plaintiff's Motion to Alter or Amend Judgment (ECF No. 27) is DENIED. This case shall remain CLOSED.

_____/s/_____
Richard D. Bennett
United States District Judge